Johnnie E. MEYER, et al.
Appellants (Plaintiffs),

v.

The TRAVELERS INSURANCE COMPANY, a corporation, Appellee (Defendant),

Broken Spear Ranches, Inc., a Wyoming corporation, et al. (Defendants).

No. 87–53.

Supreme Court ot Wyoming.

Aug. 24, 1987.

Blair J. Trautwein of Hathaway, Speight, Kunz, Trautwein & Barrett, Cheyenne, John E. "Jack" Stanfield of Smith, Stanfield & Scott, Laramie, J. Patrick Hand of Hand, Hand & Hand, Douglas, for appellants.

Gregory L. Williams and Brent R. Cohen of Rothgerber, Appel, Powers & Johnson, Denver, Colo., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from a mortgage foreclosure and attorney's fees award included in a partial summary judgment order by the district court.

The issues as presented by appellants are:

1. "Did the trial court err in allowing Defendant, Travelers Insurance Company, to foreclose on their partial summary judgment when Plaintiffs, Meyers, Counterclaims remained outstanding?

2. "Did the Trial Court err in awarding Defendant, Travelers, attorney fees?"

Appellee's statement of the issues is essentially the same, although the initial question raised is whether appellants are entitled to challenge the partial summary judgment because of their failure to object to or oppose the motion.

Review of the record shows that appellants' so-called objection to the foreclosure was filing a motion for relief from judgment or order pursuant to Rule 60, Wyoming Rules of Civil Procedure, and a motion to stay the foreclosure proceedings. We will not concern ourselves with the form or adequacy of appellants' objection and opposition, but will address the issues they raise.

We affirm the foreclosure decree of the partial summary judgment and remand the costs and attorney's fees to the district court for further proceedings.

Appellants Johnnie E. Meyer, Janet K. Meyer, Albert R. Meyer and Marlee H. Meyer (the Meyers) purchased the Natural Bridge Ranch in November of 1981. Appellee, Travelers Insurance Company, financed the down payment and was also the holder of the mortgage the Meyers assumed in purchasing the property. Circumstances were not favorable for the Meyers and they were unable to meet the financial obligations concerning the ranch purchase. The Meyers, and Albert R. Meyer as trustee for the benefit of Brett Allen Meyer, Ronald Gene Meyer, and Donald Eugene Meyer, minors, filed a complaint in February of 1986 against Travelers, alleging negligence, fraud, breach of contract, breach of fiduciary duty and breach of a covenant of good faith and fair dealing. Meanwhile, the Meyers, et al., filed bankruptcy and, in May of the same year, entered a stipulation in their bankruptcy proceeding expressly authorizing Travelers to foreclose the mortgage, yet preserving their claims asserted in the lawsuit. The stipulation provides in part:

"The Travelers shall have relief from the automatic stay for purposes of exercising such rights and remedies as are specified in its First Mortgage Note and Mortgage, including *the right of foreclosure and sale pursuant to applicable law.* Debtors hereby confess The Travelers' rights to foreclosure and sale of the subject property and *shall not interfere with, nor oppose, the Travelers in any foreclosure proceedings,* whether by court action or otherwise. Debtors specifically preserve, and nothing contained herein shall be considered a waiver, of *any and all claims asserted in their lawsuit,* captioned Johnnie E. Meyer, et al. v. The Travelers Insurance Company, et al., Civil Action No. 10147, pending in the District court, Converse County, Wyoming.

"The Travelers hereby reserves the right to include all costs and expenses otherwise allowed under the terms of its First Mortgage Note and Mortgage in the amount of its lien against the subject property." (Emphasis added.)

Partial summary judgment was granted to Travelers, ordering foreclosure and awarding attorney's fees. Review of summary judgment has been before this court numerous times, and the standards were summarized most recently in *Cordova v. Gosar,* Wyo., 719 P.2d 625, 640 (1986): "The motion for summary judgment should be sustained in the absence of a real and material fact issue considering movant's burden, respondent's right to the benefits of all favorable inferences and any reasonable doubt, with credibility questions to be resolved by trial." When an appeal of a summary judgment is before this court, we have the same duty, materials for review and standards to apply as the district court in granting the motion. *England v. Simmons,* Wyo., 728 P.2d 1137 (1986). Summary judgment should be sustained unless the record is sufficient to establish an issue of material fact within the standard.

The summary judgment ordering foreclosure was based upon the stipulation the

parties had signed and incorporated into the bankruptcy proceeding. The stipulation expressly gave appellee the right to foreclosure and sale of the subject property and appellants agreed to not interfere with nor oppose the foreclosure proceeding. The stipulation also stated that appellants retained their claims as outlined in the original lawsuit.

■ Appellants do not suggest that the procedure in foreclosure was improper, only that the foreclosure should not have been allowed until the claims of the lawsuit were settled. Authority cited by appellants is similar to the authority cited in a recent case decided by this court. In *Horse Shoe Land & Livestock, Inc. v. Federal Land Bank of Omaha,* Wyo., 740 P.2d 936 (1987), the majority reversed the summary judgment because of the unresolved counterclaims.

The case before us is different from the Horse Shoe Land & Livestock case. Here, appellants stipulated that the foreclosure and sale were to proceed and that their rights in a civil lawsuit were preserved. We find appellants to be in the exact position that the stipulation states, that the mortgage be foreclosed and their claims as outlined in the original lawsuit remain and are scheduled to be heard by the district court. The Meyers have lost no more than they agreed to in the stipulation.

We hold that the partial summary judgment granting foreclosure is proper when parties have stipulated such, regardless of the mortgagor's outstanding claims against the mortgagee.

■ Appellants' second issue questions whether the attorney's fees awarded in the foreclosure judgment were adequately proven. We have said the reasonableness of an attorney's fee must always depend upon facts and circumstances of the litigation and that there must be *some proof or evidentiary basis* for determination of a reasonable attorney's fee. *Greenough v. Prairie Dog Ranch, Inc.,* Wyo., 531 P.2d 499 (1975). There, the attorney's fee award was based solely upon an affidavit by the recovering attorney, and we held

further evidence of that amount being reasonable was required.

In the present case, the attorney's fees and costs were awarded in the partial summary judgment order based on an affidavit of appellee's general manager. No other proof was provided, there was no evidence of reasonableness nor was there a breakdown of the costs or attorney's fees. Appellee has responded to the issue only by alleging waiver based on appellants' consent.

Although appellants had stipulated that the costs and attorney's fees of the foreclosure action were to be included in the foreclosure judgment, these still must be proven by the evidentiary standard outlined in *Greenough v. Prairie Dog Ranch, Inc.,* supra. The court is obligated to ascertain that the amounts sworn to in the affidavit are for the foreclosure action only, and do not include attorney's fees and costs for the litigation on the complaint filed by appellants. We hold there was insufficient evidence as to the reasonableness and accuracy of the attorney's fees and costs.

We conclude that the award of $33,-407.55 as costs and attorney's fees was error, and remand to the district court with instructions for further evidentiary findings on whether the attorney's fees are reasonable and correct.